In re Eileen J. VERHELST, Mentally Ill and Dangerous.

No. C5-84-522.

Court of Appeals of Minnesota.

July 3, 1984.

Oliver Oddan, Stillwater, for appellant.

Robert W. Kelly Washington County Atty., Margaret Westin Perry, Asst. County Atty., Stillwater, for respondent.

Heard, considered and decided by POPOVICH, C.J., Presiding, FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Verhelst appeals from a March 14, 1984 amended order finding that the statutory requirements for commitment as mentally ill and dangerous had been met and committing her for an indeterminate period. We reverse.

## FACTS

Verhelst was involved in a shooting incident with Cottage Grove and Newport police officers in September 1982. Her three year old daughter was in the front seat of an automobile in the cross-fire. The two court appointed examiners diagnosed Verhelst as paranoid schizophrenic and suffering from a paranoid disorder. Both examiners concurred that Verhelst could be dangerous to herself and others. On August 10, 1983 Verhelst was committed as mentally ill and dangerous for a period not to exceed 60 days.

The review hearing was twice continued. Each time, the trial court explicitly found that Verhelst remained mentally ill and dangerous. The final determination hearing was held on March 6, 1984. By amended order, dated March 14, 1984, the trial court found that Verhelst was no longer mentally ill and dangerous but, nonetheless, continued her commitment indeterminately because "she met the statutory criteria of mentally ill and dangerous at the time of the hearing on the petition[.]"

## ISSUE

May a trial court indeterminately commit as mentally ill and dangerous someone who is no longer mentally ill and dangerous at the time of the review hearing held pursuant to Minn.Stat. § 253B.18, subd. 2 (Supp. 1983)?

## ANALYSIS

■ A petition for commitment as mentally ill and dangerous is handled substantially the same as other commitment petitions. Minn.Stat. § 253B.18, subd. 1 (Supp. 1983), referring to Minn.Stat. §§ 253B.07 and .08 (1982). The petitioner has the burden of proving that the proposed patient is mentally ill and dangerous as defined by statute.

A "person mentally ill and dangerous to the public" is a person (a) who is mentally ill; and (b) who as a result of that mental illness presents a clear danger to the safety of others as demonstrated by the facts that (i) the person has engaged in an overt act causing or attempting to cause serious physical harm to another and (ii) there is a substantial likelihood that the person will engage in acts capable of inflicting serious physical harm on another.

Minn.Stat. § 253B.02, subd. 17 (Supp.1983).

■ A person found mentally ill and dangerous is initially committed and a final determination hearing is held within 90 days to review the written treatment report filed by the treating authority. Minn.Stat. § 253B.18, subd. 2 (Supp.1983). If the court then finds "that the patient continues to be mentally ill and dangerous, then the court shall order commitment of the proposed patient for an indeterminate period of time." Minn.Stat. § 253B.18, subd. 3 (Supp.1983). The proponent of indeterminate commitment must establish by clear and convincing evidence that the statutory requirements for commitment continue to be met and that there is no less restrictive alternative available. Minn.R.Civ. Commitment 12.06.

At the final determination hearing to review Verhelst's commitment, the trial court found

That based upon the report of the staff at Minnesota Security Hospital and the previously recorded testimony of Ms. Verhelst, the Court finds that at this

time Ms. Verhelst is not mentally ill and dangerous and that she has continued to take her medication voluntarily since the November 10, 1983 hearing, has not shown aggressive behavior since that time, and that she has been more friendly and less suspicious in her interactions with others since she began taking the medication.

That this Court finds that despite the fact that Ms. Verhelst is not at this time mentally ill and dangerous, the finding of the Court is that she met the statutory criteria of mentally ill and dangerous at the time of the hearing on the petition filed August 10, 1983 and, therefore, pursuant to Minn.Stat. Ch. 253B, this Court finds that Respondent is mentally ill and dangerous based solely on the allegations of the petition.

Respondent argues that the trial court findings should be read as stating that Verhelst is no longer dangerous because she is not assaultive, but that she remains dangerous under the statutory definition because there is a substantial likelihood of harmful activity toward others if she is not committed. Appellant bases her argument on the statute and asserts that the issue for the trial court was whether Verhelst *remained* mentally ill and dangerous, and not whether she had been mentally ill and dangerous at the time of the initial petition. We agree. Minn.Stat. § 253B.18, subd. 3 requires that the court find that the patient "continues" to be mentally ill and dangerous. Having found that Verhelst was no longer mentally ill and dangerous, the trial court was authorized only to discharge her commitment or to commit her for a determinate period as mentally ill. Minn.R.Civ. Commitment 12.-02. It was improper to commit for an indeterminate period of time a patient specifically found not to be mentally ill and dangerous.

### DECISION

A patient no longer mentally ill and dangerous at the time of a final determination hearing may not be committed for an inde-terminate period. Because a new review hearing would not be timely under the statute and the trial court did not find that Verhelst is mentally ill, her commitment may not be continued without a new petition.

Reversed.