**In the Matter of the Alleged Mental Illness of Neil Norman GOULD.**

**No. C3–84–2060.**

Court of Appeals of Minnesota.

March 19, 1985.

Fred A. Reiter, Minneapolis, for appellant Gould.

Thomas L. Johnson, Hennepin County Atty., Rick Osborne, Asst. County Atty., Minneapolis, for respondent Hennepin County.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Gould appeals from an August 30, 1984 order continuing, for an indeterminate period, his commitment to the Minnesota Security Hospital as mentally ill and dangerous. We affirm.

## FACTS

Gould allegedly assaulted police officers and frightened two women in a laundromat with a camping ax on June 9, 1984. The municipal court found Gould appeared to be acutely psychotic and incompetent to proceed on the criminal charges and referred the matter for commitment proceedings pursuant to Minn.R.Crim.P. 20.01. On June 28, 1984, Gould was found mentally ill and dangerous and committed to the Minnesota Security Hospital. The trial court further ordered preparation of a progress report on or before August 26, 1984.

The hospital's report, dated August 10, 1984, stated Gould (1) continued to suffer from paranoid schizophrenia, (2) continued to pose a danger to the public, (3) harbored paranoid ideation, (4) remained intensely angry and hostile, and recommended indeterminate commitment.

The review hearing was held on August 29, 1984. Psychiatrist Steven Doheny testified (1) he had seen Gould at least once each week at the security hospital, (2) Gould continued to suffer from paranoid schizophrenia, (3) Gould had not improved since commitment, (4) Gould still believed people, including other patients, staff, and police, were following and harrassing him, (5) Gould may be forced "to retaliate by taking some sort of violent or fatal action," and (6) based upon Gould's past violence, actions and hostility in the hospital, and stated threats, concluded Gould remained dangerous to the public.

The trial court found Gould remained mentally ill and dangerous, continued to be

paranoid, angry, and hostile, and ordered commitment for an indeterminate period.

## ISSUE

Did the trial court properly order continued commitment of Gould as mentally ill and dangerous?

## ANALYSIS

1. A final determination hearing on the commitment of a patient as mentally ill and dangerous must be held within 90 days of the initial commitment, or within 14 days after receipt of the hospital's treatment report, whichever is earlier. Minn.Stat. § 253B.18, subd. 2 (1984).

> If the court finds * * * that the patient continues to be mentally ill and dangerous, then the court shall order commitment of the proposed patient for an indeterminate period of time.

*Id.*, subd. 3.

2. The proponent of indeterminate commitment must establish by clear and convincing evidence that the statutory requisites of commitment continue to be met and there is no less restrictive alternative available. Minn.R.Civ.Commitment 12.06.

3. A "person mentally ill and dangerous to the public" is mentally ill and, as a result of mental illness, presents a clear danger to the safety of others as demonstrated by an attempt to cause serious physical harm to another and a substantial likelihood the person will again engage in acts capable of inflicting serious physical harm on another. Minn.Stat. § 253B.02, subd. 17 (1984).

Appellant argues he did not pose a danger to the public at the time of his review hearing. Gould claims the evidence shows only his past dangerous conduct and the county "failed to include any evidence" on the likelihood of future dangerousness. The trial court, however, specifically found Gould continued to be dangerous. *Cf. In Re Verhelst*, 350 N.W.2d 494 (Minn.Ct.App. 1984). This factual determination was supported by Dr. Doheny's testimony that Gould threatened to take "violent or fatal action" against his imagined persecutors

and remained imminently dangerous to the public. The hospital also reported Gould remained intensely angry and hostile, as well as paranoid. We cannot agree with appellant that there was no evidence of the likelihood of future danger.

## DECISION

We agree with the trial court that the evidence was clear and convincing. The trial court properly found Gould remained mentally ill and dangerous and properly continued appellant's indeterminate commitment.

Affirmed.